ERIC GRANT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-136-KJM-4 |
| Plaintiff, | UNITED STATES' MOTION FOR A BENCH WARRANT |
| v. | DATE: TBD |
| GEOVANY ESPINOZA NORZAGARAY, | TIME: TBD |
| Defendants. | COURT: Hon. Kimberly J. Mueller |

On September 23, 2025, defendant Geovany Espinoza Norzagaray failed to appear for his scheduled change of plea before this Court. ECF No. 183. The government moved for an arrest warrant, which the defense opposed. Both parties relied only on proffers at the hearing. The Court denied the government's motion, but invited the parties to brief the issue. This motion follows.

The government respectfully requests an expedited ruling on this motion. The defendant is currently scheduled for an immigration hearing on October 8, 2025 (*see* Exhibit 1, Immigration Case Hearing Notice). ICE cannot guarantee he will not be deported shortly thereafter unless the government obtains an arrest warrant in this case. Good cause exists for an expedited briefing schedule because the government will suffer prejudice if the defendant is deported before the completion of this case.[1]

---

[1] The defense opposes expedited briefing. Counsel for defendant has represented that she needs additional time to contact the defendant directly and to conduct her own research, and that she has scheduled medical leave for October 2 and 3 and will not have access to a computer.

Notably, although the defendant turned himself into the Border Patrol on September 15, 2025, neither the government nor Pretrial Services were made aware of this until September 22, 2025, the day before his scheduled change of plea. Despite this delay, the government has investigated this failure to appear, obtained exhibits and declarations, and briefed the motion as quickly as feasible.

## I.   STATEMENT OF FACTS

### A.   Factual and Procedural Background

On June 1, 2022, this Court issued a complaint and arrest warrant for this defendant. ECF No. 1. The complaint alleged a violation of distribution of over 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On June 16, 2022, the grand jury returned an indictment against Espinoza and four other co-defendants. ECF No. 18. As to Espinoza, the indictment charges a conspiracy to distribute methamphetamine (Count One), distribution of methamphetamine (Count Seven), and the use of a communication facility to facilitate a drug trafficking offense (Counts 13 and 14). Agents arrested Espinoza on June 7, 2022. He made his initial appearance on the complaint on June 7, 2022. ECF Nos. 7, 8. On June 10, 2022, he was ordered released on pretrial conditions, including the signing of a $161,500 bond secured by cash, vehicles, and signed by several individuals. ECF No. 9.

The defendant last appeared before this Court on August 5, 2025. ECF No. 174. At that time, the parties informed the Court that the defendant was prepared to plead guilty, and requested that a change of plea hearing be set for September 23, 2025. *Id*. The Court granted this request, instructed the defendant to continue checking in with his pretrial release services officer, and "advised of consequences for failure to appear." *Id.*

On September 22, 2025, the day before the change of plea hearing, Counsel for the defendant informed the undersigned AUSA that she heard from the defendant's wife that he was in ICE custody. The government investigated the matter and learned that the defendant attempted to self-surrender at the Indio Border Patrol Station (in Riverside County, CDCA) on September 15, 2025. On September 23, 2025, the day originally scheduled for the change of plea, the government requested a bench warrant, arguing that the defendant had intentionally failed to appear by self-surrendering to the Border Patrol.[2]

---

[2] The government also argued, based on information it had received from the assigned Pretrial

1  The defense argued that he had not intentionally gotten himself arrested, but instead that he had traveled
2  to the Border Patrol station to ask what would happen to his immigration status after his criminal case
3  was over.  Counsel claimed that it was the officers who chose to arrest him.  Both parties relied on
4  attorney proffers given the rapid developments.  The Court denied the government's request, but invited
5  the parties to brief the issue.  The government has since obtained evidence confirming its proffer:
6  namely, that the defendant intentionally got himself arrested by the Border Patrol, showed up only with
7  American and Mexican currency on his person, lied to Border Patrol agents and claimed he had never
8  been arrested, and even attempted to speed up his deportation by asking to participate in an expedited
9  removal program.

## II.  ARGUMENT

Since the prior hearing, the government has obtained multiple items of evidence that demonstrate that the defendant intended to get arrested by Border Patrol agents and made himself unavailable for prosecution in this case.

First, Border Patrol records and witness testimony confirm the defendant voluntarily surrendered at the Indio Border Patrol Station.  As documented in pages 2 and 3 of the related I-213 report, the defendant "voluntarily approached the Indio Border Patrol Station in Indio, California.  He presented himself to CBP officers without coercion or apprehension in the field."  Exhibit 2, I-213 report.  The report reveals that the defendant had American and Mexican currency on his person, but nothing else, not even a cellular phone.  *Id*. at 2.  The defendant planned to be arrested because he did not bring a phone to the Border Patrol Station.  The defendant planned to be deported because he possessed 2,700 pesos at the time he approached the Border Patrol station.  Finally, the report and video surveillance shows he was dropped off by a pickup truck, and that that truck left shortly after the driver saw him walk with agents.  Exhibit 3, Video Surveillance Excerpts.

---

Services Officer the day before, that the defendant did not have permission to be in Indio, which is out of this district.  The following day, the Pretrial Services Officer informed the government that his information was incorrect, and that the defendant did have permission to be in Indio to visit his grandmother.  The government then immediately updated the Courtroom Deputy about this correction.

USA MOTION FOR ARREST WARRANT                          3

  

FIGURE 1: LEFT: DEFENDANT EXITING RIGHT REAR PASSENGER DOOR OF PICKUP TRUCK.  MIDDLE: DEFENDANT SHOWING MEXICAN DOCUMENTATION TO BORDER PATROL AGENT.  RIGHT:  AGENTS WALKING DEFENDANT TO PROCESSING BUILDING.  PICKUP TRUCK DEPARTS SHORTLY THEREAFTER. EXHIBIT 3 (EXCERPTS TO BE LODGED WITH THE COURT AS A DVD.  FULL VERSIONS HAVE BEEN PRODUCED TO THE DEFENSE.).

Second, a declaration by one of the Border Patrol Agents confirms that the defendant voluntarily surrendered.  Exhibit 4, Reyes Declaration.  Contrary to his Counsel's proffer to the Court that the defendant merely went there to ask what would happen to him after the conclusion of this case, the declaration proves that the defendant lied to agents, telling them that he had never been arrested before, he was not running, and he just wanted to go back to Mexico.  Exhibit 4, at 2.

Finally, a declaration by an Assistant Field Office Director supervising officers where the defendant is currently detained shows that the defendant attempted to take advantage of a quick deportation program that would have facilitated his quick removal from this country.  Exhibit 5, Valenzuela Declaration.   Officials denied participation in this program because of the defendant's criminal history.

The evidentiary record developed reveals that the defendant attempted to evade prosecution through deportation.  The defendant's gambit failed, and the United States respectfully requests that the Court issue a bench warrant to bring the defendant before the Court.

//

//

//

//

### III. CONCLUSION

Given the additional evidence presented in this motion, the Court has sufficient evidence to conclude that the defendant intentionally failed to appear, despite the defense's unsupported proffer that his arrest was "unintentional." This Court should issue a bench warrant for this defendant.

Dated: October 1, 2025

ERIC GRANT
United States Attorney

By: /s/ ADRIAN T. KINSELLA
ADRIAN T. KINSELLA
Assistant United States Attorney