ERIC GRANT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GEOVANY ESPINOZA NORZAGARAY,<br><br>　　　　　Defendants. | CASE NO. 2:22-CR-136-4<br><br>UNITED STATES' MOTION FOR A BENCH WARRANT<br><br>DATE: TBD<br>TIME: TBD<br>COURT: Hon. Kimberly J. Mueller |

**Exhibit 4: Declaration of Border Patrol Agent Pedro Reyes**

ERIC GRANT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GEOVANY ESPINOZA NORZAGARAY,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-CR-00136-KJM-4<br><br>DECLARATION OF PEDRO REYES |

## **DECLARATION OF PEDRO REYES**

I, PEDRO REYES declare:

1. I am a Border Patrol Agent currently assigned to the Indio Border Patrol Station ("IBPS"), located in Indio, California.
2. I was one of the agents who encountered this defendant when he came to the IBPS on September 15, 2025. I documented many of the details of this encounter in the related I-213 report. This declaration provides additional details.
3. On September 15, 2025, at around 1:30 p.m., an IBPS secretary told me there was an individual (later identified as the defendant) who showed up and wanted to self-surrender. I met with the defendant and confirmed he wanted to surrender. He told me he just wanted to go back to Mexico. The defendant gave me a piece of paper which appeared to be a copy of a Mexican record.

4. I observed that the defendant was really nervous, and that his hands were shaking. This stood out to me because I had never seen someone be so nervous in these circumstances. Because of this, I asked the secretary to get my supervisor.

5. I asked the defendant whether he had been arrested before. He said no. I asked him if he was fleeing from someone. He said no. Because he continued to act so nervously, I patted him down to confirm he did not have any weapons, which he did not.

6. When my supervisor arrived, I told him that the defendant wanted to self-surrender and that he had been acting very nervous. My supervisor asked the defendant if he had been arrested before, and the defendant again said he had not.

7. We then walked the defendant to another building so he could be processed. In the parking lot, I saw a blue pickup truck. I noted this truck because the secretary told me it had been driving back and forth prior to the defendant's arrival. The defendant told me he had been dropped off.

8. After we took the defendant to the building where he would be processed, I returned to work.

9. I did not personally collect any belongings from the defendant, but the I-213 report shows that he had American and Mexican currency on him. If he had had a phone, it would have been documented in the report.

10. Finally, at no time during my encounter with the defendant did he tell me he had a pending criminal case, nor did he ask me what would happen to him once the case was over. As discussed above, he actually told us twice that he had never been arrested before.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/01/2025

By: _____
PEDRO REYES