HEATHER E. WILLIAMS, Bar #122664
Federal Defender
MEGAN HOPKINS, #294141
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-5700 Fax (916) 498-5710

Attorney for Defendant
GEOVANY ESPINOZA NORZAGARAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:22-cr-00136-KJM |
|---|---|---|
| Plaintiff, | ) ) | OPPOSITION TO GOVERNMENT'S REQUEST FOR A BENCH WARRANT |
| vs. | ) ) | |
| GEOVANY ESPINOZA NORZAGARAY, | ) ) ) | |
| Defendant. | ) ) | |

On October 1, 2025, the government filed a request for a bench warrant, based upon Mr. Norzagaray's absence from district court at the time of his originally scheduled change of plea hearing on September 23, 2025. ECF 185. It is undisputed that Mr. Norzagaray was being held in ICE custody in Calexico, CA on September 23, 2025, and was therefore unable to appear in district court. His failure to appear for the change of plea hearing was not willful, and no bench warrant should issue. Mr. Norzagaray opposes the government's request.

**Mr. Norzagaray did not violate any conditions of pretrial release**

Mr. Norzagaray has been out of custody since his initial pretrial release in this case, and has remained in compliance with his conditions of pretrial release. On the of the conditions of his pretrial release which is standard for all defendants is to comply with all federal, state, and local laws. On Jan. 20, 2025, President Donald Trump issued Executive Order 14159, Protecting the American People Against Invasion, which directed the Department of Homeland Security to ensure that aliens comply with their duty to register with the government under section 262 of

the Immigration and Nationality Act (INA) (8 U.S.C. 1302). Failure to comply with the registration requirement carries civil and criminal enforcement penalties, including misdemeanor prosecution.

Mr. Norzagaray had a legal obligation to contact ICE, identify himself as an undocumented person from Mexico, and follow the directives of ICE. He also had an obligation to do so in order to comply with the standard conditions of pretrial release. He obtained permission from pretrial services to visit a relative in the same area where he learned there was a border patrol station and elected to check in, and was detained by ICE from that point forward.

**The government's evidence is insufficient to support the issuance of a bench warrant**

The government relies on a form 213 and declaration from an ICE officer who made initial contact with Mr. Norzagaray. To substantiate the information contained in the form 213 and declaration, the government has also provided surveillance footage. Unfortunately, the surveillance footage lacks any audio recording, and so it serves only to establish that Mr. Norzagaray was there and made contact with ICE officers. This is not a fact in dispute.

At no time since September 15, 2025, has Mr. Norzagaray been free to leave ICE custody and appear for future proceedings on his own recognizance. It is not that case that his inability to appear on September 23, 2025 was willful, or within his control. It is therefore not appropriate to issue a bench warrant, given that he was not in violation of any pretrial condition, and indeed was taking steps to ensure compliance with all conditions.

The federal government is prioritizing removal of undocumented individuals, even if it interrupts their prosecution for a federal crime. This is a decision solely at the discretion of the government. If ICE were to release Mr. Norzagaray, he would appear as required for his change of plea. Unless and until that occurs, the only appropriate action for the district court is to await more information regarding immigration proceedings and adjust the hearing schedule in this case, as appropriate, to give Mr. Norzagaray the opportunity to appear, if he is able.

**Mr. Norzagaray requests an evidentiary hearing**

Given that the government is relying on witness declarations, Mr. Norzagaray respectfully requests an evidentiary hearing and opportunity to cross-examine those witnesses. The defense proposes proceeding with an evidentiary hearing on October 15, 2025, at 9:30 a.m.

Respectfully submitted,

Dated:  October 6, 2025

HEATHER E. WILLIAMS
Federal Defender

/s/ *Megan T. Hopkins*
MEGAN T. HOPKINS
Assistant Federal Defender
Attorney for Defendant
GEOVANY ESPINOZA NORZAGARAY