UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States, | No. 2:22-cr-00136-KJM |
| Plaintiff, | ORDER |
| v. | |
| Geovany Espinoza Norzagaray, | |
| Defendant. | |

The government moves for a bench warrant in this case, arguing defendant Geovany Espinoza Norzagaray failed to appear at his scheduled change of plea hearing before the court by purposefully turning himself into Border Patrol Agents in the hope he would be deported before the change of plea hearing date. *See* Mins. Hr'g (Sept. 23, 2025), ECF No. 183. Defense counsel for Mr. Norzagaray opposes the motion, arguing his failure to appear was not willful and requests an evidentiary hearing. Opp'n at 2, ECF No. 192. The court granted the government's request by minute order, Min. Order (Oct. 7, 2025), ECF No. 190, and issued a warrant.. The court issues the following order to explain its decision.

I.    **BACKGROUND**

Mr. Norzagaray was arrested on June 7, 2022, based on a complaint and arrest warrant alleging a violation of 21 U.S.C. § 841(a)(1) for distribution of 500 grams of a mixture or substance containing methamphetamine. *See* Compl., ECF No. 1; Mot. at 2, ECF No. 185.

1

1   Shortly thereafter, on June 10, 2022, Mr. Norzagaray was ordered released on pretrial conditions.
2   Min. Order (June 10, 2022), ECF No. 9.  A grand jury then returned an indictment against Mr.
3   Norzagaray and charged him with a conspiracy to distribute methamphetamine, distribution of
4   methamphetamine and the use of a communication facility to facilitate drug trafficking offenses.
5   *See* Indictment, ECF No. 18.  Since 2022, the parties have engaged in plea agreement discussions
6   and Mr. Norzagaray last appeared before the court at a hearing on August 5, 2025, where he
7   informed the court he was prepared to plead guilty and requested a change of plea hearing be set
8   for September 23, 2025.  Min. Hr'g (Aug. 5, 2025), ECF No. 174.  The court granted Mr.
9   Norzagaray's request and, as is its practice, warned him of the consequences for failure to appear.
10      On September 15, 2025, Mr. Norzagaray traveled to Indio, California with the permission
11  of his Pretrial Services Officer (PSO) for what he reported to be a visit with his grandmother.
12  Mot. at 3 n.2.[1]  While in Indio, Mr. Norzagaray self-surrendered to Immigration and Customs
13  Enforcement agents at the Indio Border Patrol Station and when asked, denied he had ever been
14  arrested in the past.  Mot. at 3; *see* I-213 Report, Gov. Ex. 2, ECF No. 185-2; Reyes Decl. ¶ 6,
15  Gov. Ex. 4, ECF No. 185-4.  On September 23, 2025, the date previously set for Mr.
16  Norzagaray's change of plea, he did not appear and the government moved for a bench warrant
17  based on his nonappearance.  *See* Mins. Hr'g (Sept. 23, 2025).  Defense counsel opposed.  *Id.*
18  The court permitted the parties to brief the issue, *id.*, and the government submitted its motion
19  and a request for expedited briefing in light of a hearing in Mr. Norzagaray's immigration case
20  scheduled for October 8, 2025, at which the government represented Mr. Norzagaray might be
21  ordered deported.  Imm. Case Hearing, Gov. Ex. 1, ECF No. 185-1.  Defense counsel opposed the
22  request for expedited briefing, but the court ordered defense counsel to file opposition, if any, by
23  October 6, 2025.  *See* Min. Order (Oct. 3, 2025), ECF No. 190.  The court also ordered the
24  government to inform the court of any changes to the schedule for Mr. Norzagaray's immigration
25  hearing in light of the government shutdown currently in effect.  *Id.*  Defense counsel timely filed

---

[1] At hearing, the government asserted Mr. Norzagaray did not have permission from his PSO to be in Indio, California.  After the assigned PSO informed the government that Mr. Norzagaray did have permission to be in Indio, the government informed the court and corrected its position.  *See* Mot. at 3–4 n.2.

its opposition and the government filed a short statement asserting the ongoing government shutdown has not affected Mr. Norzagaray's scheduled immigration hearing, which is still set for October 8.  *See* Opp'n, ECF No. 192; Gov. Brief, ECF No. 193.

## II.   LEGAL STANDARD

Federal courts have authority to issue a warrant when a defendant fails to appear as required.  Under 18 U.S.C. § 3146(a) a failure to appear is a federal offense.  Section 3146(a) allows for punishment for failure to appear and permits only limited affirmative defenses to prosecution for failure to appear when "uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender."  *Id.*; *see, e.g.*, *United States v. Jackson*, No. 2:09-CR-00325-KJM-1, 2019 WL 2465495, at *4 (E.D. Cal. June 13, 2019) (upholding sentence for failure to appear, where bench warrant had been issued after the defendant's hospitalization could not be verified); *United States v. Nelson*, 919 F.2d 1381, 1382 (9th Cir. 1990) (bench warrant issued following defendants' failure to appear for trial in case challenging the merits of sentences for unlawful flight to avoid prosecution); *United States v. Ellis*, 241 F.3d 1096, 1098 (9th Cir. 2001) (explaining defendant failed to appear and district court "immediately issued a bench warrant for his arrest").

## III.   ANALYSIS

The government argues the record supports a finding that Mr. Norzagaray intentionally failed to appear when he attempted to self-surrender to ICE agents in violation of 18 U.S.C. § 3146(a).  In support of this argument, the government offers the official I-213 Report prepared by the ICE agent recording his version of what happened when Mr. Norzagaray approached him, surveillance videos from the Indio Border Patrol Station and declarations made under penalty of perjury from the two ICE agents.  *See* I-213 Report; Reyes Decl.; Video Surveillance, Gov. Ex. 2 (lodged with court), ECF No. 185-3; Valenzuela Decl., Gov. Ex. 5, ECF No. 185-5.  The government's evidence, unrebutted at this point, establishes a sufficient basis for the court's having issued the warrant.  In particular, the declarations of the ICE agents support the government's argument that Mr. Norzagaray approached the ICE Patrol Station of his own

1 volition and informed agents he wanted to self-surrender. Reyes Decl. ¶ 6; Valenzuela Decl. ¶ 4.
2 The declarations also support an inference that Mr. Norzagaray appeared to be seeking expedited
3 deportation under the Incentivized Voluntary Departure Program, given that he told agents he had
4 no criminal record and arrived with only American and Mexican currency on his person. 1-213
5 Report at 3; Valenzuela Decl. ¶ 2.

6 In opposition, the defense argues Mr. Norzagaray did not violate any conditions of his
7 pretrial release. Defense counsel suggests Mr. Norzagaray reported to ICE agents in an attempt to
8 comply with an Executive Order 14159, which the President issued in January 2025; the
9 Executive Order, titled "Protecting the American People Against Invasion," directed the
10 Department of Homeland Security to ensure that aliens complied with their duty to register with
11 the government under section 262 of the Immigration and Nationality Act (INA). *See* Opp'n at
12 1–2 (citing 8 U.S.C. § 1302)). Defense counsel requests an evidentiary hearing and an
13 opportunity to cross-examine the government's witnesses. *Id.* at 3. Defense counsel also noted
14 she faces significant hurdles in obtaining the information she needs to fully respond to the
15 government's motion, given that her client is currently in ICE detention. Opp'n to Exp. Briefing
16 at 1–2, ECF No. 188.

17 While recognizing defense counsel's inability to respond more fully than she has, the
18 court has resolved the government's request for a warrant based on a careful review of the
19 applicable law and the record currently before the court. After the court declined to reflexively
20 issue a bench warrant when Mr. Norzagaray initially did not appear, it provided the parties a
21 chance to develop the record and make legal argument, which they now have. It is not surprising
22 that the federal prosecutor has been able to provide some more detail at this point, given that it is
23 a federal agency that has detained Mr. Norzagaray. But there is no indication the federal
24 prosecutor has the authority to directly obtain Mr. Norzagaray's appearance through a cooperative
25 arrangement with ICE, without a warrant, and the defense does not argue as much.
26 Fundamentally, the government's request must be supported by sufficient evidence for the court
27 to conclude defendant intentionally failed to appear and the government's attorney is of course
28 bound even in criminal proceedings by the fundamental requirement to make representations to

4

the court that have evidentiary support and are not presented for an improper purpose. *See* E.D. Cal. L.R. 400 (applying E.D. Cal. L.R. 131 and Rule 11 requirements to criminal procedures*); see also* 28 U.S.C. § 530B (explaining federal government attorneys are bound by the same ethical rules as state bar members where they practice). In approving the warrant that has now issued, the court finds the government has met the requirements for issuance of a warrant. Even if the government's declarants' representations under penalty of perjury ultimately could be tested through cross-examination, defense counsel has not identified any authority for the proposition that an evidentiary hearing is required before a court issues a warrant for failure to appear, and the court is aware of none.

It is for the reasons provided above that the court has granted the government's request and issued a warrant to obtain Mr. Norzagaray's appearance before this court.

This order formally resolves ECF No. 185, and explains the warrant the court issued on October 7, 2025, ECF No. 194.

IT IS SO ORDERED.

DATED: October 8, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE